IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 5:22-CR-425 |
| **Plaintiff,** | |
| -vs- | |
| | **JUDGE PAMELA A. BARKER** |
| **JUAN A. OTERO, III,** | |
| **Defendant.** | **MEMORANDUM OPINION & ORDER** |

This matter is before the Court upon Defendant Juan A. Otero's ("Defendant") Motion to Suppress Alleged Confession filed on March 13, 2023 ("Defendant's Motion").  (Doc. No. 13.)  On March 20, 2023, the United States of America filed a Response in Opposition to Defendant's Motion. (Doc. No. 14.)  Although given the opportunity to file a reply in support of Defendant's Motion by March 27, 2023, Defendant did not do so.  Defendant did not request an evidentiary hearing and the Court concludes that an evidentiary hearing is not necessary. Defendant's Motion is ripe for a decision.

### Background

On July 27, 2022, a federal grand jury for the United States District Court for the Northern District of Ohio returned a three-count indictment charging Defendant with:  Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) (Count 1); Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi) (Count 2); and Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  (Doc. No. 1.)  These charges arose from a search of the Defendant's residence at 1401 March Street, Akron, Ohio on March 4, 2021, pursuant to a search warrant.

In Defendant's Motion, Defendant seeks an Order from this Court suppressing evidence of any confession attributed to him after his apprehension by government agents. Specifically, Defendant takes issue with a supplement to the Akron Police Department Report of Investigation, authored by Detective Deitrick approximately 5 months after the original report was completed. According to Defendant, this supplement added "an alleged confession from the Defendant, which differs drastically from his recorded statement, was not included in the initial report, and was not audio recorded." (Doc. No. 13, PageID # 31.) Defendant asserts that "[n]o explanation is provided by Detective Deitrick for his failure to include this alleged confession in his original report authored at the time of the arrest, nor does he provide contemporaneous evidence of the alleged confession." (*Id.*) Defendant asserts that he never made such a confession to Detective Deitrick, and that the Government has failed to present any evidence to indicate the trustworthiness of Detective Deitrick's supplemental report that indicates Defendant did make such a confession.

In the Government's Response, the Government represents that as investigators were conducting the search of Defendant's residence on March 4, 2022, Detective Deitrick conducted a recorded interview of Defendant who was present at the residence during the search, and during the recorded interview, Defendant, in relevant part, denied there were any drugs in the residence except for a small amount of marijuana. The Government asserts that after this statement was made, investigators located large amounts of illegal drugs in the backyard of the residence. According to the Government, it was after investigators found the illegal drugs in the back yard that Defendant then asked to speak to Detective Deitrick privately, and the two walked into the basement of the home and had a conversation during which Defendant admitted that the drugs found in the back yard were his.

The Government explains that it was while counsel for the Government was preparing to present the case to the federal grand jury that he spoke with Akron Narcotics Detective/Federal Bureau of Investigation Task Force Officer Michael Schmidt, who had participated in the March 4, 2022 search of Defendant's residence.  The Government contends that it was during this conversation that Detective Schmidt informed counsel for the Government that Defendant had admitted to Detective Deitrick that he possessed the drugs found in the back yard and that Detective Schmidt had been made aware of this confession at the time of the search.  According to the Government, Detective Schmidt then contacted Detective Deitrick to advise him to document the unrecorded statement of Defendant in an Action Taken report, which Detective Deitrick did on August 2, 2022.

**Analysis**

Under the "STATEMENT OF LAW" section of Defendant's Motion, Defendant cites cases, and includes quotes from some of those cases, to support his assertion that "[t]o permit the Government to introduce Defendant's alleged confession at trial would constitute error and, therefore, it must be suppressed."  (Doc. No. 13, PageID # 32.)  However, the cases cited by Defendant do not support Defendant's assertion.

As the Government correctly points out, Defendant bears the burden of proof to display a violation of a constitutional or statutory right to justify the suppression of evidence.  *United States v. Rodriguez-Suazo*, 346 F.3d 637, 643 (6th Cir. 2003) (quoting *United States v. Feldman*, 606 F.2d 673, 679 n. 11 (6th Cir. 1979)).  (Doc. No. 14, PageID # 38.)  While Defendant asserts that his Fifth Amendment right against self-incrimination was violated, Defendant does not assert that police violated his right to remain silent or denied him a lawyer and he does not assert that his statements to

3

police were coerced or that his waiver of his rights was not made voluntarily, knowingly, and intelligently.  He merely asserts that he never gave a statement to Detective Deitrick.

The Court agrees with the Government that Defendant has not offered any authority to support his claims that the dispute between him and Detective Deitrick as to whether a statement or confession was given is cognizable in a motion to suppress.  And, as some of the cases cited by Defendant make clear, and the Government acknowledges, any remedy for what Defendant alleges would be Detective Deitrick's fabrication of, and providing to prosecutors, false evidence can be secured through a claim for damages under 42 U.S.C. § 1983.

The Government is correct in arguing that "Defendant's motion raises not a suppression issue, but a credibility dispute" that can and will be decided by a jury.  (Doc. No. 14, PageID # 39.)  Indeed, under similar facts, the Court in *United States v. Morris*, 2008 WL 3896014, *3-4 (E.D. Tenn. Aug. 19, 2008) concluded as much.

Accordingly, Defendant's Motion is DENIED.

**IT IS SO ORDERED.**

      *s/Pamela A. Barker*
      PAMELA A. BARKER
Date:  April 10, 2023      U. S. DISTRICT JUDGE

4